**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-07-0919-PHX-FJM |
|     Plaintiff, ) | **ORDER** |
| vs. ) | |
| Rick Derrick Calvin, ) | |
|     Defendant. ) | |

       Defendant's Reply clarifies that Defendant's Motion to Reconsider Detention Order, docket # 132, is actually a mislabeled motion to reopen the issue of detention upon a claim of a material change in circumstances as authorized by 18 U.S.C. §3142(f).

       After review of the Government's Response, Defendant's motion to reopen detention and Reply, the Court finds that the misinformation in the Prior History Section of the November 7, 2007 Pretrial Services Report and the prosecutor's mistaken confirmation of this error during the detention hearing[1] that Defendant was convicted and sent to state prison for 3.5 years for "Possess[ion of] Narcotic Drug **for Sale**"[2] which led to the Court's erroneous conclusion that Defendant had a "[p]rior drug trafficking offense in 1990"

---

[1] See, November 15, 2007 hearing transcript at p. 2. (docket # 132; Exhibit ("Exh") B at 2)

[2] November 7, 2007 Pretrial Services Report. (docket # 57 at 3) (emphasis added)

warrants reopening the issue of detention.³  The Court finds, however, that the claim that Defendant can now post a bond from the proffered sum of $25,000 at the November 15, 2007 detention hearing "to a sizeable bond . . . in the range of $100,000.00 or even more . . . ."⁴ at this time and the other grounds raised in new defense counsel's motion do not constitute a material change in circumstances under 18 U.S.C. §3142(f). *United States v. Flores*, 856 F. Supp. 1400 (E. D. Cal. 1994); *United States v. Gonzalez*, 2005 WL 1379027 (W.D. Tex. 2005). Having found a material change in circumstances, however, the Court will consider *ab initio* the issue of detention.

After reviewing all the evidence, the proffers of counsel made at the November 15, 2007 hearing and in their briefs filed on the issue, and considering all the factors set forth in 18 U.S.C. § 3142(g), the Court further finds that:

1. Defendant has rebutted the rebuttable presumptions that arise by virtue of the drug offenses in the subject Indictment pursuant to 18 U.S.C. §3142(e) by presenting credible evidence that Defendant is not a serious risk to flee and a danger to the community;

2. these presumptions are not erased when Defendant proffered evidence to rebut them; rather the presumptions "remain[] in the case as . . . evidentiary finding[s] militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *United States v. Hir*, ___ F.3d ___, 2008 WL 445840 (9th Cir. 2008) (citing *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir.1986) (internal quotation marks omitted);

---

³ This is a close question because Defendant knew or should have known that the crime of which he was convicted and sent to prison was for Possession of Narcotic Drugs, a Class 4 state felony. (docket # 132; Exh. A at 3) Upon learning of the mistake in the Pretrial Services Report that he had been convicted in 1990 of a drug trafficking offense, Defendant and his former counsel failed to seek a continuance to correct the record with appropriate documentation; rather, they opted to proceed with the detention hearing on the merits. Moreover, neither Defendant nor his former counsel denied that his 1990 conviction was a drug trafficking offense. Nevertheless, the Court will give Defendant the benefit of this close call.

⁴ See, docket # 132 at 9 - 10.

1        3. the Government has an "extremely strong"[5] case against Defendant;

2        4. Defendant is likely a leader and supplier of large quantities of illicit drugs in a drug trafficking organization alleged in the subject Indictment;

4        5. Defendant has a strong incentive to flee due to the likelihood of a significant prison sentence if he is convicted. *United States v. Townsend*, 897 F.2d. 989, 995 (9th Cir. 1990); and

7        6. if released, there is an unacceptably high risk that Defendant will not comply in good faith with all conditions of release. *United States v. Hir*, 2008 WL 445840 at * 9 (citing *United States v. Tortora*, 922 F.2d 880, 886 (1st Cir. 1990).

        Despite the discovery of firearms at Defendant's residence at the time of his arrest, the Court further finds that the Government has failed to show by clear and convincing evidence that Defendant is a danger to the community. 18 U.S.C. § 3142(e); *United States v. Salerno*, 481 U.S. 739, 750 (1987) ("In a full-blown adversary hearing, the Government must convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person.").

        Given the strength of these findings and the Government's evidence, Defendant's prior conviction for a drug-related felony, coupled with the rebutted statutory presumption that remains in the case that no combination of release conditions will reasonably assure the appearance of Defendant at all future court proceedings, this Court concludes that there is an unacceptably high risk that Defendant would not comply in good faith with such release conditions if imposed upon him. *Hir*, 2008 WL 445840 at * 9. This Court further concludes by a preponderance of the evidence that Defendant is "a serious risk" to flee and that "no condition or combination of conditions will reasonably assure . . . the appearance of the [Defendant] as required. . . ." 18 U.S.C. § 3142(e) and (f)(2) (2008); *United States v. Montamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

---

[5] See, November 15, 2007 hearing transcript at pp. 4 -5. (docket # 132; Exh B) (wiretaps, surveillance, hand-to-hand sales by Defendant, drug seizures confirming wiretap conversations)

Accordingly,

**IT IS ORDERED** that Defendant's motion to reopen the issue of detention upon a claim of a material change in circumstances, docket # 132, is **GRANTED** in part and **DENIED** in part. Defendant shall remain detained until further order of the assigned District Judge, the Honorable Frederic J. Martone.

**IT IS FURTHER ORDERED** that Defendant's request for an evidentiary hearing is **DENIED** because Defendant has not shown that a second evidentiary hearing is warranted. The transcript of the November 15, 2007 detention hearing, the proffers of counsel made at such hearing and the briefs filed on the subject issue are sufficiently adequate for the Court to rule on the subject motion. *United States v. El-Hage*, 213 F.3d 74, 82 (2nd Cir. 2000) ("The district court proceedings here, which have included three detention hearings to date and left open the possibility of more hearings if circumstances warrant, were adequate[]" to deny a request for another evidentiary hearing.)

DATED this 26th day of March, 2008.

_____
Lawrence O. Anderson
United States Magistrate Judge